## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| In re MICHAEL WAYNE HENSHAW,  ) | Case No. 07-60957-LYN |
|  ) | |
| Debtor.  ) | |
|  ) | |

### MEMORANDUM and ORDER

This matter comes before the court on an objection by the debtor to the claim of Community Bank of Northern Virginia.

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A)&(B). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On May 30, 2007, the Debtor filed the above styled petition. The claims bar date for non-governmental units was set at September 20, 2007. On June 7, 2007, an entity named "Community" filed a proof of claim asserting a claim in the amount of $10,648.01 secured by a 2004 Kia Optima Sedan LX ("the Kia"). On July 30, 2007, the Debtor filed an objection to the proof of claim. The proof of claim is signed by someone titled as "SVP Mercantile Potomac Bank". Attached to the proof of claim is supporting documentation including a certificate of title

1

that names "Community Bank of Northern Virginia" as lien holder.  Also attached is a Certificate of Merger issued by the State of Maryland indicating that Mercantile-Save Deposit and Trust Company is the successor entity in a merger between Mercantile-Safe Deposit and Trust Company and Community Bank of Northern Virginia (the "Certificate of Merger").  From the attachments to the proof of claim, it may be ascertained that Mercantile Potomac Bank is a Division of Mercantile-Safe Deposit and Trust Company.

On July 30, 2007, the Debtor filed an objection to the proof of claim.  On August 1, 2007, the Debtor filed an amended chapter 13 plan that provided for the treatment of the claim of "Mercantile Potomac Bank" as a creditor, but treated that claim as an unsecured claim, asserting that it had an unperfected lien on the Kia.  On August 13, 2007, Mercantile-Safe Deposit and Trust Company files an objection to the confirmation of the chapter 13 plan.

## *Discussion.*

In this instance, the identity of the creditor must be established as a preliminary matter. Community is the name provided on the proof of claim.   The proof of claim is signed by an officer of Mercantile Potomac Bank.  The payoff statement is a document with the heading of Mercantile Potomac Bank.  The Certificate of Title lists "Community Bank of Northern Va" as the lienholder.  The Certificate of Merger describes Community Bank of Northern Virginia as having been merged into Mercantile-Safe Deposit and Trust Company.

It can fairly be determined that Mercantile Potomac Bank, a division of Mercantile-Safe Deposit and Trust Company, is the creditor.  The fact that the Debtor would agree with this conclusion is demonstrated by the fact that the debtor provides for the claim of Mercantile Potomac Bank in his amended chapter 13 plan.

The Debtor relies on Leake v. Wuerzberger (In re Wueraberger), 271 B.R. 778 (Bankr. W.D.Va. 2002) ("Wuerzberger I") as support for his objection to claim. In that case, Oakwood Acceptance Corporation ("Oakwood Acceptance") financed the debtor's purchase of a mobile home from Oakwood Mobile Homes, Inc., ("Oakwood") and caused its name (Oakwood Acceptance) to be listed as the lienholder on the title. Oakwood Acceptance then assigned all of its rights under the retail installment contract to Oakwood Acceptance Corporation REMIC Trust 1994-1 (the "Trust") but continued to service the contract. The title was not amended to indicate that Trust, not Oakwood Acceptance, was the lienholder.

The debtor filed a bankruptcy petition and scheduled Oakwood Acceptance as a creditor holding a claim secured by the mobile home. The trustee initiated an adversary complaint challenging Oakwood Acceptance's security interest in the mobile home. The Court held for the chapter 7 trustee concluding that the fact that Oakwood's name was on the title as lienholder did not, without more, establish that it had a claim against the debtor.

The trustee for the Trust then filed an adversary complaint seeking a declaratory judgment and permanent injunctive relief. The trustee for the Trust also filed a motion for summary judgment seeking declaratory judgment that *the Trust* held a valid, enforceable, and properly perfected security interest in the Debtor's manufactured home as of the date of petition that was superior to that of the chapter 7 trustee. The Court's memorandum on the motion for summary judgment is published at The Bank of New York, Trustee of the Oakwood Acceptance Corporation REMIC Trust 1994-1 v. Leake (In re Wuerzberger), 284 B.R. 814 (Bankr. W.D.Va. 2002) ("Wuerzberger II").

In Wuerzberger II, the chapter 7 trustee asserted that under Virginia law a creditor's

security interest in titled property is not perfected unless that creditor's name appears as lienholder on the title.  The trustee of the Trust disagreed.  The Court held that Virginia's titling statutes do not explicitly require an assignee of a properly perfected security interest to amend the certificate of title to reflect its name as a condition of perfection.  The Court concluded that, if no new liens are created by an assignment, the world would be properly on notice of the lien and could readily ascertain the nature of the lien, even if the assignee's name does not appear on the title.  The Court also noted that, under Virginia's version of Article 9 of the Uniform Commercial Code, an assignee does not need to refile a financing statement in order to preserve its perfected status.

Wuerzberger II, not Wuerzberger I, is the opinion that properly counsels this court in this matter.  Mercantile Potomac Bank is the holder of a properly perfected security interest in the Kia.

The Debtor, relying on newspaper articles that characterize the transaction between Mercantile-Safe Deposit and Trust Company and Community Bank of Northern Virginia as a purchase agreement, asserts that Potomac Mercantile Bank holds the chattel paper as an assignee, not as the result of a merger.  The Debtor did not ask that the newspaper articles be admitted into evidence.  Even if the articles had been introduced into evidence, they would have been insufficient to overcome the conclusion that Community Bank of Northern Virginia was merged into Mercantile-Safe Deposit and Trust Company, as evidenced by the Certificate of Merger. And, as noted, even if Potomac Mercantile Bank were an assignee, its security interest would remain perfected under the facts.  The objection to the confirmation of the debtor's amended chapter 13 plan will be sustained.

## **ORDER**

The objection by the debtor to the claim of Potomac Mercantile Bank, a division of Mercantile-Safe Deposit and Trust Company, shall be and hereby is overruled.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Neil Walters, Esq., counsel for Mercantile Potomac Bank, Marshall M. Slayton, Esq. , counsel for the debtor, and Herbert L. Beskin, Esq., chapter 13 trustee.

Entered on this  5th day of October, 2007.

/s/ William E. Anderson
William E. Anderson
United States Bankruptcy Judge